NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

CAS WALKER'S CASH STORES INC., and Independent Union of Grocer's Employees, Respondents.

No. 80–1503.

United States Court of Appeals, Sixth Circuit.

Sept. 14, 1981.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C.,

Emil C. Farkas, Director, Region 9, N. L. R. B., Cincinnati, Ohio, for petitioner.

W. P. Boone Dougherty, Lockridge, Dougherty & Becker, Knoxville, Tenn., Karl S. Forester, Forester & Forester, Harlan, Ky., Joseph J. Levitt, Jr., Knoxville, Tenn., for respondents.

Before ENGEL, MERRITT and KENNEDY, Circuit Judges.

## ORDER

The National Labor Relations Board (Board) applies to this Court for enforcement of its order directing the respondent Cas Walker's Cash Stores Inc. (Company) to bargain collectively with the Amalgamated Meat Cutters and Butcher Workmen of North America, Local 227 (Meat Cutters) on behalf of its employees in Harlan, Kentucky. The application has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.

In July, 1978, the Company owned two retail grocery stores in Harlan, Kentucky which the Meat Cutters were attempting to organize. By July 8, sixteen employees (out of a total of thirty) had signed authorization cards. By July 21, twenty-five had signed authorization cards. The Meat Cutters formally requested recognition from the Company on July 28.

Meanwhile, the Company cut the work hours of its Harlan employees on July 17. On July 26, a meeting was held by the Independent Union of Grocer's Employees (Independent Union) which several employees attended. The Independent Union (which represented the employees at the Company's stores in Knoxville, Tennessee) claimed the following day to have obtained authorization cards from the majority of the Company's Harlan employees and demanded recognition as their bargaining agent. Less than 24 hours after the first organizational meeting and without negotiation, the Independent Union signed a collective bargaining agreement with the Company on July 27. The Company thereafter refused to bargain with the Meat Cutters which then filed unfair labor charges against both the Company and the Independent Union.

As a result of the Meat Cutters' charges, General Counsel, on behalf of the Board, filed a complaint charging the Company with:

(1) interrogating and threatening employees in order to discourage their support of the Meat Cutters, in violation of § 8(a)(1) of the Act;

(2) reducing the work week of its employees to retaliate for the support given the Meat Cutters, in violation of § 8(a)(3) of the Act; and

(3) encouraging, promoting and recognizing the Independent Union as the bargaining agent for its Harlan employees in violation of § 8(a)(2) and (1) of the Act.

General Counsel also charged the Independent Union with entering and maintaining a collective bargaining agreement when it did not represent an uncoerced majority, in violation of § 8(b)(1)(A) of the Act. After a lengthy hearing, the Administrative Law Judge found the violations as charged and recommended, *inter alia*, an order be issued requiring the Company to bargain with the Meat Cutters.

The Company filed exceptions as to the finding relative to the reduction of hours and the recommended bargaining order. The Independent Union did not file exceptions. With one minor change not relevant here, the Board affirmed the Administrative Law Judge's decision and adopted his recommendations. That decision is reported at 249 NLRB No. 41 (1980). This application for enforcement followed.

The standard of review in Board cases is whether the Board's determinations are "supported by substantial evidence on the record considered as a whole." 29 U.S.C. § 160(e). Conflicts in the evidence are for the Board to resolve and, if supported by substantial evidence, such resolu-

tions must be accepted by this Court. *NLRB v. Pinkerton's Inc.*, 621 F.2d 1322, 1324 (6th Cir. 1980). The same is true for determinations of credibility. *NLRB v. Cement Transport, Inc.*, 490 F.2d 1024, 1029 n.5 (6th Cir.), *cert. den.*, 419 U.S. 828, 95 S.Ct. 47, 42 L.Ed.2d 52 (1974).

Upon review, this Court has examined the record, including portions of the hearing held before the Administrative Law Judge. We find substantial evidence in the record to support the Board's findings of the unfair labor practices listed above. We also find the Board properly applied the guidelines of *NLRB v. Gissell Packing Co.*, 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969) in ordering the Company to bargain with the Meat Cutters.

Accordingly, enforcement of the Board's order of May 6, 1980, is hereby granted. Rule 9(d)3, Rules of the Sixth Circuit.